UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                        )
                                              )
BIG O MOVERS AND STORAGE, INC.                )   No. 04 B 00796
                                              )
        Debtor.                               )

MEMORANDUM OPINION ON DEBTOR'S
MOTION TO ALLOW CLAIM OF MARY E. BROWN

Based on hearing June 21, 2005 and judicial admissions by Debtor, the following facts are undisputed.

1.      Debtor commenced its voluntary Chapter 11 bankruptcy case by filing herein a voluntary petition for relief under Chapter 11 of the Bankruptcy Code of 11 U.S.C. § 101 et. seq. on January 8, 2004.

2.      On February 24, 2005 an order was entered confirming the Debtor's Second Amended Plan of Reorganization (the "Plan").

3.      Pursuant to terms of the Plan,

    (a)   The Effective Date of the Plan occurred on April 1, 2005;

    (b)   The first disbursement to Class Four Unsecured Creditors was to be made on May 31, 2005; and

    (c)   Disbursements will only be made to those Class Four creditors that hold allowed claims.

4.      Creditor Mary E. Brown ("Ms. Brown") holds a claim that was not scheduled by the Debtor even though Ms. Brown had given notice to Debtor of her claim pre-bankruptcy. Ms. Brown did not file a proof of claim and the Debtor has not filed a proof of claim on behalf of Ms. Brown.

5. Having no notice of the bankruptcy case, no notice of a claim bar date, and no notice of the hearing on Plan confirmation, Ms. Brown filed suit in state court and then obtained a judgment against Debtor in the amount of $1,705.60 on November 9, 2004. She began action to enforce that judgment against the Debtor in April of 2005 with service of a citation summons. The citation proceeding is now pending.

6. The Debtor now seeks an order herein allowing the claim of Ms. Brown, so that she may receive the distribution of 25% of the allowed amount of her claim provided for Class Four Creditors under the confirmed Plan. There would be no prejudice to other Class Four Creditors since the distribution to this creditor will not reduce the amount that any other Class Four creditor will receive under the Plan. In addition, the Debtor has not sought to bar the claims of any of its creditors based upon untimeliness of filing a proof of claim.

7. However, Ms. Brown had no notice of the bankruptcy or of the claim bar date until notice of this motion was served on her. By not scheduling her claim and thereby depriving her of notice, Debtor deprived her of any opportunity to participate in the bankruptcy case and object to and vote against the Plan that was confirmed, or to file and assert her claim herein. She appeared in response to this motion and objected to receiving the 25% of her claim that is being offered.

## DISCUSSION

Under 11 U.S.C. § 1141(d)(i)(A) a confirmation order "discharges the Debtor from any debt that arose before the date of such confirmation." But due process required under U.S. Const. 5th Amendment prevents § 1141 from being read to extinguish a creditor's claim when, as here, the creditor received no notice of the bankruptcy proceeding.

> A confirmation order cannot act to discharge and enjoin a claim unless the claimant has received adequate notice of the bankruptcy proceeding and of any claims bar dates fixed therein. See In re Longardner and Associates, Inc., 855 F.2d 455, 465 (7th Cir. 1988), cert. denied, 489 U.S. 1015, 103 L.Ed. 2d 191, 109 S. Ct. 1130 (1989), citing Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 313-14, 94 L. Ed. 865, 70 S. Ct. 652 (1950); New York v. New York, N.H. and H.R., 344 U.S. 293, 297, 94 L. Ed. 333, 73 S. Ct. 299 (1953). The discharge of a claim without reasonable notice of the confirmation hearing is violative of the Fifth Amendment of the United States Constitution. Reliable Electric Co. v. Olson Construction Co., 726 F.2d 620, 623 (10th Cir. 1984).

In re Pettibone, 162 B.R. 791, 808 (Bank. N.D. Ill. 1994)

Apart from the Seventh Circuit opinion in Longardner supra, several Circuit opinions in other circuits have held that due process prevents Section1141 from being read to extinguish a creditor's claims when the creditor received insufficient notice of the bankruptcy proceeding. Spring Valley Farms, at 834 (11th Cir. 1989) (no discharge where creditor did not get notice of claims bar date). See also Reliable Elec. Co. v. Olson Constr. Co., 726 F.2d 620, 622-23 (10th Cir. 1984) (creditor not bound by reorganization plan without statutory notice of confirmation hearing); Broomall Industries., Inc. v. Data Design Logic Systems, Inc., 786 F.2d 401, 405-406 (Fed. Cir. 1986) (no discharge where no formal notice of bankruptcy proceedings).

It may not be argued here that Ms. Brown's pre-bankruptcy creditor claims are lost or diminished because she did not file timely proof of claim, despite lack of any notice to her of a claim bar date. This Kafka-like view cannot have any merit. Every claimant is statutorily entitled to notice of the claim bar date. Bankruptcy Rule 2002(a)(8). It is a violation of Constitutional due process to discharge a debt when no notice of the bar date for filing a proof of claim has been sent to a creditor pursuant to Rule 2002(a)(8). See Spring Valley, at 834. Ms. Brown was denied such notice, and thus her claim was not barred for failure to file a timely proof of claim.

## CONCLUSION

Mary E. Brown received no notice of this bankruptcy or of the Plan confirmation prior to the instant motion. She was not scheduled despite Debtor's knowledge of her claim. She received no notice of the claim bar date.

Therefore, her claim and any debt owed to her was not discharged or barred by confirmation.

She is now unwilling to accept the 25% of her claim offered in the confirmed Plan, and she is not compelled to do so. Rather, she is free to continue her effort to collect her full claim in her non-bankruptcy state court litigation.

An order to effectuate this ruling will separately enter.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this 27th day of June 2005.